## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**WESLEY BRADLEY,**

      Plaintiff,

**v.**                                    **Case No: 5:26-cv-161-SPC-PRL**

**AMBER THOMAS, CAROL FALVEY,**

      Defendants.

_____

### REPORT AND RECOMMENDATION[1]

This action grew out of divorce and custody proceedings in the Florida state court system. In his second amended complaint, Plaintiff alleges that two state court judges, Administrative Judge Carol Falvey and County Judge Amber Thomas violated his constitutional rights and federal law, during the state court proceedings.[2] Plaintiff moves the Court to proceed *in forma pauperis*. (Doc. 5).

On April 16, 2026, the undersigned entered an order deferring ruling on Plaintiff's motion to proceed *in forma pauperis* and permitting Plaintiff to file an

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

[2] The amended complaint included two additional defendants—Christopher Blaisdell, Esq., and Thomas Gurrola, Esq.—both of whom were attorneys involved in the state court proceedings. Neither of these attorneys are named in the second amended complaint.

amended complaint (Doc. 6), which he has now done. (Doc. 7). For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* should be denied and his second amended complaint (Doc. 7) should be dismissed.

## I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under §1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id*. at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to

prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662, 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

## II.     Discussion

Based on Plaintiff's various complaints (Docs. 1, 4, 7), his claims arise from recent Florida divorce and child custody proceedings in Citrus County, Florida—Case Nos. 2024-DR-1544 and 2025-DR-38—that resulted in Plaintiff not being able to see his daughter. (Doc. 4 at 7). Plaintiff summarized his claim as "supposed judges and

counsel acting in conspiracy and committing multiple rights violations, RICO crimes, and gross negligence, misconduct, and malicious/retaliatory actions out of bounds of jurisdiction." (Doc. 5 at 1). In his amended complaint, Plaintiff stated that the following facts underly his claims:

> I, as well as my daughter have been violated by the employees of the 5th district circuit court with multiple rights violations as well as RICO . . . and Emolument violations committed by the employees of that court through under color of law, corrupt administrative procedures.

(Doc. 4 at 7).

Plaintiff alleged that he was bringing an action under § 1983 for alleged violations of federal law under 18 USC §§ 241, 242, 645, 654, 872, 1001, 1503, 1512(B), 2017, 2076; 26 USC § 7214; 42 USC §§ 1985(3) and 1986; and violations of his constitutional rights under the Second, Fourth, Sixth, Eighth, Ninth and Fourteenth Amendments. As for relief, Plaintiff sought full custody and custodial rights to his daughter and monetary damages.

Now, in the second amended complaint, Plaintiff has listed in bullet points various violations allegedly committed by the only named Defendants—Judge Falvey and Judge Thomas—including:

- Violated First Amendment by muting Plaintiff's microphone on zoom hearing.
- Violated right to a fair trial
- Violated due process of law by rushing to default judgment
- Acted without personal jurisdiction over Plaintiff who had stated in multiple affidavits and notices that he had never consented (or had revoked consent) to jurisdiction.
- Violated Plaintiff's right to fair trial because judges were biased and not impartial
- Violated HIPAA by obtaining, disclosing, using Plaintiff's medical records

- Violated Second Amendment by ordering confiscation of Plaintiff's firearms without proper due process or Plaintiff being found guilty
- Violated Sixth Amendment by not allowing Plaintiff to confront witnesses; no speedy public trial; and Plaintiff's court watchers were dismissed from hearings.
- Violated Eighth Amendment by ordering cruel and unusual punishment—i.e., Plaintiff was not able to see daughter in person
- Violated Plaintiff's Human Rights as a disabled person and discriminated against him for his disabilities
- Violated 42 USC §1986

First, Plaintiff's claims for damages against Judge Thomas and Judge Falvey are barred by judicial immunity. It is well-settled that judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (*quoting Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). And it extends to circumstances where judges are "accused of acting maliciously and corruptly" in the exercise of their judicial decision-making power. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). Here, Plaintiff is challenging actions taken by both judges while they were presiding over his divorce and custody proceedings. Those actions were plainly "judicial in nature" and taken within the judges' judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991). Accordingly, Plaintiff's claims for monetary damages against Judge Thomas and Judge Falvey should be dismissed based on judicial immunity.

Moreover, to the extent Plaintiff is asking this Court to override the state court custody judgment and restore his custodial rights, then this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to cases, such as this, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1285 (11th Cir. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

For these reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) should be **denied** and his second amended complaint (Doc. 7) should be dismissed.

DONE and ENTERED in Ocala, Florida on May 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record